# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 3, 2015 Session

## COLE WOODARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 11-01335    John W. Campbell, Judge**

_____

**No. W2014-00837-CCA-R3-PC  - Filed April 28, 2015**

_____

A Shelby County jury convicted the Petitioner, Cole Woodard, of sale of cocaine, possession of cocaine with intent to sell, and possession of cocaine with intent to deliver.  The trial court sentenced the Petitioner to serve three concurrent sentences of ten years each for these convictions.  On appeal, this Court affirmed the convictions, but it vacated the judgments and remanded the case for entry of judgments reflecting merger of the jury verdicts into a single conviction for sale of cocaine.  *State v. Cole Woodard*, W2011-02224-CCA-R3-CD, 2012 WL 4057266 (Tenn. Crim. App., at Jackson, Sept. 17, 2012), *no Tenn. R. App. P. 11 application filed.*  The Petitioner filed a petition seeking post-conviction relief on January 28, 2014, alleging that he had received the ineffective assistance of counsel.  After a hearing regarding whether the Petitioner petition was untimely filed, the post-conviction court dismissed the petition as time-barred.  We affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Carlissa Shaw, Memphis, Tennessee, for the appellant, Cole Woodard.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alycia Carter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

A Shelby County grand jury indicted the Petitioner, in two separate indictments, for drug transactions occurring on October 19, 2010. One indictment charged the Petitioner with sale of cocaine, possession of cocaine with the intent to sell, and possession of cocaine with the intent to deliver. This indictment alleged that these offenses occurred between 2:00 and 3:00 p.m. on October 19, 2010. The other indictment charged the Petitioner with additional offenses that occurred subsequently, between 3:30 and 4:30 p.m. on October 19, 2010.

This Court summarized the evidence presented at trial as follows:

Officer SirCease Brooks of the Memphis Police Department, testified that he bought crack cocaine from [the Petitioner] on two separate occasions on October 19, 2010. He identified [the Petitioner] at trial. Officer Brooks said that he was sent to the area of 211 Leath Street to purchase drugs. After driving to the area in his car, Officer Brooks gave a hand signal asking if anyone had any drugs to sell, and [the Petitioner] approached his car and asked him what he wanted to purchase. Officer Brooks told [the Petitioner] that he "want[ed] a twenty dollar rock" of crack cocaine. [The Petitioner] got into Officer Brooks's car and asked him to drive around the block. [The Petitioner] pulled out a bag from his front pocket containing "five or six . . . twenty dollar rocks" before giving Officer Brooks one of the rocks. Officer Brooks complained to [the Petitioner] that the rock was "kind of small[,]" but he accepted it. Officer Brooks gave [the Petitioner] twenty dollars and told him that he "might be back within a couple of hours[.]" After dropping off [the Petitioner] in the area where he had picked him up, Officer Brooks placed the rock of crack cocaine in a separate bag and labeled it with his undercover number, the date, location, and type of the drug before hiding it in a compartment in his car.

Officer Brooks made a another drug buy in a different area before returning to the 211 Leath Street area "about two or three hours" later. He saw [the Petitioner], and [the Petitioner] again got into his car. [The Petitioner] asked him if he wanted to purchase another twenty dollar rock of crack cocaine, and Officer Brooks responded affirmatively. Officer Brooks told him that he had to split the first rock with some other individuals and that he was purchasing the second rock to smoke himself. [The Petitioner] gave him another rock of crack cocaine, slightly larger than the first one he had purchased, from the bag in his front pocket and took the twenty dollars from Officer Brooks before exiting the car. After dropping off [the Petitioner], Officer Brooks placed the rock in a separate bag and labeled it before hiding it in the compartment in his car.

2

At the end of the day, Officer Brooks placed all of these bags containing drugs in a secured lock box. He explained that he made five drugs buys on October 19, 2010, and had five bags labeled one through five, which represented his first, second, third, fourth, and fifth drug buys that day. Each time he purchase[d] drugs on October 19, 2010, he placed the drugs into the appropriately labeled bag. Officer Brooks stated that his third and fifth drug buys on October 19, 2010, involved [the Petitioner].

Officer Brooks later identified [the Petitioner] in a photograph lineup. He said he made two recordings of the second drug buy with [the Petitioner] on October 19, 2010, both of which were played for the jury. Officer Brooks said he was unable to make any recordings of the first drug buy with [the Petitioner] because he "didn't have enough time to turn on the camera on the passenger side" of his car before [the Petitioner] entered his vehicle. However, for the second drug buy, Officer Brooks made two recordings, one that contained audio of the conversation between him and [the Petitioner] and one that contained video of [the Petitioner] and audio of their conversation. After [the Petitioner] exited the car on the second drug buy, Officer Brooks placed the rock of crack cocaine into the bag and dictated the time of the drug transaction on the recordings.

Officer Jonathon Clapp, an evidence custodian for the Memphis Police Department, testified that he retrieved from the evidence lock box the two substances that Officer Brooks purchased from [the Petitioner] on October 19, 2010. He stated that he was the only officer to have a key to that lock box. Based on his training, Officer Clapp stated that the two substances purchased from [the Petitioner] on October 19, 2010, appeared to be cocaine.

Billy Byrd, another evidence custodian with the Memphis Police Department, picked up the two envelopes containing the substances that Officer Brooks purchased from [the Petitioner] on October 19, 2010. He then transported them to the Tennessee Bureau of Investigation (TBI) for testing.

Agent Brock Sain, a forensic scientist with the TBI, was declared an expert in the fields of forensic science and identification of controlled substances. Agent Sain said he tested the two substances that Officer Brooks purchased from [the Petitioner] on October 19, 2010. He determined that the first substance tested positive for cocaine and weighed .10 grams and that the second substance tested positive for cocaine and weighed .14 grams.

      [The Petitioner] declined to testify at trial, and no proof was offered by
the defense.

*Woodard*, 2012 WL 4057266 at *1.

      After hearing this evidence, the jury acquitted the Petitioner of the charges alleged to have occurred between 2:00 and 3:00 p.m. and convicted the Petitioner of the charges alleged to have occurred between 3:30 p.m. and 4:30 p.m. The trial court sentenced the Petitioner to ten years for each of the three convictions, and it ordered those sentences to run concurrently. On direct appeal, this Court affirmed the convictions but remanded for merger into a single conviction for sale of cocaine. *Woodard* 2012 WL 4057266, at *1.

      The direct appeal opinion was filed on September 17, 2012, and the Petitioner did not file a Rule 11 application seeking supreme court review. Sixteen months later, on January 28, 2014, the Petitioner filed a *pro se* petition for post-conviction relief, alleging that he received the ineffective assistance of counsel. He claimed that his petition was not time-barred because the criminal court clerk's last date of entry was January 28, 2013. The post-conviction court held a hearing, during which it was explained that an amended judgment sheet was filed in his case on January 13, 2013, which mistakenly led the Petitioner to believe that the amended judgment was "the final action of the highest court" for purposes of calculating the statute of limitations. The post-conviction court stated that the Petitioner's mistake would not toll the statute of limitations, therefore, the petition would be dismissed. The Petitioner offered no proof and made no argument.

      It is from this judgment that the Petitioner now appeals.

## II. Analysis

      The Petitioner asserts that this Court should reverse the post-conviction court's dismissal and "find that [the Petitioner] is entitled to a hearing" based upon his trial counsel's failure "to inform [the] Petitioner that the appeals court made a finding in the above referenced matter." The State responds that the Petitioner has failed to show that he is entitled to a due process tolling of the statute of limitations. We agree with the State.

      A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2012). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id*. It further stresses that "[t]ime is

of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id*. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the post-conviction court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b) (2012).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires

that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437 (1982)).

In the case under submission, the Petitioner was required to file his petition for post-conviction relief within one year of September 17, 2012, the date of the final action of hte highest state appellate court to which an appeal was taken. *See* T.C.A. § 40-30-102(a) (2012). The Petitioner filed his petition on January 28, 2014. This filing occurred more than one year after this Court filed its opinion in the Petitioner's direct appeal, and thus, was barred by the statute of limitations. The Petitioner does not allege, nor do we find applicable, any of the statutory exceptions to the one-year statute of limitations. After reviewing the record and the Petitioner's claims, we conclude that the Petitioner has been "provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner," *Burford*, 845 S.W.2d at 208. Therefore, due process does not require the tolling of the statute of limitations. The post-conviction court properly dismissed the Petitioner's petition.

### III. Conclusion

After a thorough review of the record and relevant authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

6